UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>JOSEPH SHAYOTA, et al.,<br><br>      Defendants. | Case No. 15-CR-00264-LHK<br><br>**ORDER CONCERNING WITNESS UNAVAILABILITY**<br><br>Re: Dkt. Nos. 303, 323 |

Before the Court are the Government's Motion Regarding Witness Unavailability, ECF No. 303 ("Gov't Mot."), and Defendants Mario and Camilo Ramirez's (the "Ramirez defendants'") objections concerning the unavailability of witnesses, ECF No. 319, 321.

I.      **BACKGROUND**

On May 14, 2015, a federal grand jury returned a three-count Indictment against Defendants Joseph Shayota, Adriana Shayota, Justin Shayota, Walid Jamil, Raid Jamil, Kevin Attiq, Fadi Attiq, Leslie Roman, Juan Romero, Mario Ramirez, and Camilo Ramirez (collectively, "Defendants").  ECF No. 1 ("Indictment").  On June 29, 2016, the Government filed a two-count Superseding Information in the United States District Court for the Northern District of California.

1

ECF No. 169 ("Superseding Information").  The first count in the Superseding Information is for conspiracy to traffic in counterfeit goods in violation of 18 U.S.C. § 2320(a).  *Id.* ¶ 16–28.  The second count in the Superseding Information is for conspiracy to commit criminal copyright infringement and to introduce misbranded food into interstate commerce in violation of 17 U.S.C. § 506, 18 U.S.C. § 2319, and 21 U.S.C. §§ 331 & 333.  *Id.* ¶ 29–32.

On March 2, 2016, Justin Shayota pled guilty to Counts 1 and 3 of the Indictment pursuant to a plea agreement.  ECF No. 105; ECF No. 106.  On September 13, 2016, Raid Jamil pled guilty to Count 2 of the Superseding Information pursuant to a plea agreement.  ECF No. 237.  On September 23, 2016, Leslie Roman pled guilty to Count 2 of the Superseding Information pursuant to a plea agreement.  ECF No. 275.  Walid Jamil pled guilty on October 7, 2016.  ECF No. 297.  Juan Romero is a fugitive.  ECF No. 147 at 4.

On August 19, 2016, the Government filed a notice identifying the co-conspirator statements the Government intended to present at trial.  ECF No. 206 ("Gov't Notice").  Nearly all of the statements come from depositions taken in the consolidated civil proceedings entitled *Innovation Ventures, LLC, et al. v. Ultimate One Distributing Corp., et al.*, E.D.N.Y. Case No. 1:12-CV-05354-KAM-ST.

On September 21, 2016, the Ramirez defendants and the Shayota defendants moved to exclude the Government's proposed co-conspirator statements based on the Confrontation Clause and the rule against hearsay.  ECF Nos. 269, 270.  The Court provided the Ramirez defendants, the Shayota defendants, and the Government three rounds of briefing on the issue.  *See* ECF Nos. 269, 270, 280, 291, 295, 296, 305, 307, 312.

On October 19, 2016, the Court filed an order granting in part and denying in part Defendants' motions.  ECF No. 331.  In the order, however, the Court specified that the proposed co-conspirator statements would be admissible under the Confrontation Clause and former testimony exception to the rule against hearsay only if the Government were to make a sufficient showing that the declarants are unavailable at trial.  *Id.* at 11, 25.

On October 13, 2016, pursuant to an order from this Court, the Government filed the

Case No. 15-CR-00264-LHK
ORDER CONCERNING WITNESS UNAVAILABILITY

United States District Court
Northern District of California

1    instant motion in which the Government proposed a procedure for establishing unavailability.

2    ECF No. 303.  On October 18, 2016, the Ramirez defendants filed an objection to one of the

3    Government's proposals for establishing unavailability: a Court order requiring the declarants to

4    file a sworn declaration that he or she is unavailable.  ECF No. 321.  Also on October 18, 2016,

5    the Ramirez defendants filed an objection to finding any of the declarants unavailable.  ECF No.

6    319.  On the same day, the Shayota defendants filed a motion to join this objection.  ECF No. 323.

7         Pursuant to the Court's request, ECF No. 339, the parties filed supplemental briefing on

8    the issue of unavailability on October 21, 2016, ECF No. 346 ("Shayota Supp."); ECF No. 347

9    ("Gov't Supp.").

10   **II.    DISCUSSION**

11        In resolving these motions and objections, the Court will first consider the relevant case

12   law establishing what is necessary to establish witness unavailability at trial, and the Court will

13   address Defendants' objection to the Government's proposed procedures.  Second, the Court will

14   consider Defendants' objection to *any* of the deponents being deemed unavailable because, as

15   Defendants' argue, the government is free to immunize any witness that they wish to call.

16        **A.      Procedures for Establishing Unavailability**

17        The Confrontation Clause bars the admission of testimonial hearsay unless, among other

18   requirements, the declarant is unavailable.  *See Crawford v. Washington*, 541 U.S. 36, 59 (2004)

19   (allowing testimonial hearsay where the witnesses are unavailable and Defendants had a prior

20   opportunity to cross-examine the witnesses).  Similarly, for testimonial hearsay to be admissible

21   under the former testimony exception to the rule against hearsay, the declarant must be

22   unavailable.  Fed. R. Evid. 804(b)(1) (requiring the declarant to be "unavailable as a witness").

23   Accordingly, on October 19, 2016, the Court held that the Government's proposed co-conspirator

24   statements were not barred by the Confrontation Clause and were admissible under the former

25   testimony exception to the rule against hearsay only if the Government were to make a sufficient

26   showing that the declarants are unavailable at trial.  ECF No. 331.

27        The burden is on the Government to demonstrate unavailability.  *Whelchel v. Washington*,

28

United States District Court
Northern District of California

Case No. 15-CR-00264-LHK
ORDER CONCERNING WITNESS UNAVAILABILITY

1   232 F.3d 1197, 1204 (9th Cir. 2000) ("The Confrontation Clause 'requires that in order to

2   introduce relevant statements at trial, state *prosecutors* either produce the declarants of those

3   statements as witnesses at trial or demonstrate their unavailability.'"  (citation omitted) (emphasis

4   added)).

5          The Government argues that the declarants will be unavailable based on the declarants'

6   invocation of their Fifth Amendment right against self-incrimination.  A declarant who validly

7   asserts his or her Fifth Amendment right against self-incrimination is legally "unavailable" within

8   the meaning of the Confrontation Clause and the former testimony exception.  *See California v.*

9   *Green,* 399 U.S. 149, 168 n.17 (1970) (defendant who invokes the Fifth Amendment right against

10  compelled self-incrimination is unavailable); *Padilla v. Terhune,* 309 F.3d 614, 618 (9th Cir.

11  2002) (same).

12         "A voluntary guilty plea . . . is a waiver of the [F]ifth [A]mendment privilege only in

13  regard to the crime that is admitted; the defendant retains the right against self-incrimination as to

14  any crimes for which he may still be prosecuted."  *United States v. Moore*, 682 F.2d 853, 856 (9th

15  Cir. 1982).  Moreover, "a defendant who awaits sentencing after having pleaded guilty may assert

16  the privilege against self-incrimination if called as a witness in the trial of a codefendant, in part

17  because of the danger of responding to questions that might have an adverse impact on his

18  sentence."  *Mitchell v. United States*, 526 U.S. 314, 326 (1999) (internal quotation marks

19  omitted)."

20         In order for a witness to be unavailable based on a privilege such as the Fifth Amendment,

21  the Court must rule that the privilege applies.  *See* Fed. R. Evid. 804(a)(1) (defining unavailability

22  to include situations where the declarant "is exempted from testifying about the subject matter of

23  the declarant's statement because *the court rules* that a privilege applies" (emphasis added)).

24  Thus, because "[a] ruling by the judge is required[,] . . . an actual claim of privilege must be

25  made" by the potential witness.  *United States v. Ramirez*, 990 F.2d 1264, at *4 (9th Cir. 1993)

26  (quoting Fed. R. Evid. 804, Advisory Committee Notes (1972)); *United States v. Oropeza*, 564

27  F.2d 316, 325 n.8 (9th Cir. 1977) ("[A]n express claim of privilege and a ruling thereon should be

28

Case No. 15-CR-00264-LHK
ORDER CONCERNING WITNESS UNAVAILABILITY

United States District Court
Northern District of California

1    made.").

2        In determining whether the privilege applies, "a district court may conduct an evidentiary

3    hearing of the proposed witness's testimony outside the presence of the jury." *United States v.*

4    *Klinger*, 128 F.3d 705, 709 (9th Cir. 1997).  Ordinarily, a district court must "determine whether a

5    witness will invoke his Fifth Amendment privilege in response to *specific questions*." *Id.*

6    (emphasis added) (internal quotation marks omitted); *see also Moore*, 682 F.2d at 856 ("[T]he

7    Fifth Amendment claim [should] be raised in response to specific questions propounded by the

8    investigating body."); 1 McCormick on Evid. § 130 (7th ed.) ("Generally, a witness must submit

9    to questioning and invoke the privilege in response to each specific question.").  "Only after an

10   invocation of the privilege with respect to a specific question can a reviewing court determine

11   whether a responsive answer might lead to injurious disclosures." *United States v. Drollinger*, 80

12   F.3d 389, 392 (9th Cir. 1996);  *see also Moore* , 682 F.2d at 856 (explaining that invoking the

13   Fifth Amendment as to specific questions "permits the reviewing court to determine whether a

14   responsive answer might lead to injurious disclosures").

15       The Ninth Circuit has recognized a "narrow" exception to this "specific questions" rule,

16   however.  *Moore*, 682 F.2d at 856.  If, based on the district court's "knowledge of the case and of

17   the testimony expected from the witness," the court "can conclude that the witness could

18   legitimately refuse to answer essentially all relevant questions," the district court may recognize a

19   blanket privilege against self-incrimination.  *Moore*, 682 F.2d 853 (internal quotation marks

20   omitted).  This exception applies, however, "where the trial judge has some special or extensive

21   knowledge of the case that allows evaluation of the claimed fifth amendment privilege even in the

22   absence of specific questions to the witness." *Id.*; *see also Klinger*, 128 F.3d at 709 (finding that

23   the district court appropriately accepted a blanket-privilege invocation where it was clear the

24   witness would "invoke his Fifth Amendment privilege as to all questions but one, and that viable

25   question was excludable."); *see also* McCormick § 130 ("[A] trial judge may in exceptional

26   circumstances permit even a witness called by the defense in a criminal trial to make a blanket

27   invocation of the privilege.  Such blanket invocations are clearly disfavored.").

28

United States District Court
Northern District of California

5

Case No. 15-CR-00264-LHK
ORDER CONCERNING WITNESS UNAVAILABILITY

If the Court finds that the potential witness's invocation of the Fifth Amendment right is not valid, the witness is not unavailable.  *See Gomez v. Barnes*, 2015 WL 1646409, at *12–13 (C.D. Cal. Apr. 13, 2015) (analyzing in a habeas petition whether Fifth Amendment right was validly invoked to determine whether witness was unavailable under the Confrontation Clause).

Therefore, because the Government seeks to establish unavailability purely based on the invocation of the potential witness's Fifth Amendment privilege, it is not sufficient for the Government simply to "detail[] its efforts to procure the witnesses' presence at the trial," as the Government proposed here.  Gov't Mot. at 2 (quoting *United States v. Matus-Zayas*, 655 F.3d 1092, 1101 (9th Cir. 2011)).  Rather, as the case law discussed above demonstrates, the Government must show that the declarants are validly invoking their Fifth Amendment right against self-incrimination, and the Court must make a determination regarding the validity of the potential witness's Fifth Amendment invocation.

In its motion, the Government requests that the *Court* order the potential witnesses to file declarations invoking their Fifth Amendment rights.  Gov't Mot. at 4.  The Ramirez defendants object to this procedure.  ECF No. 321.  The Court agrees.  As discussed above, the burden is on the Government to prove unavailability.  *Whelchel*, 232 F.3d at 1204 (placing burden on the Government).  The Government's request here, however, attempts to shift the Government's burden to demonstrate unavailability onto the Court.  Therefore, the Court declines to follow the procedure suggested by the Government.  Pursuant to the case law described above, the Court's October 19, 2016 Order ordered the government to subpoena the declarants.

On Monday, October 24, 2016, at 1:00 p.m.[1], the Court will "conduct an evidentiary hearing of the proposed witness's testimony outside the presence of the jury."  *Klinger*, 128 F.3d at 709.  The Government will ask the declarants "specific questions," and the declarants' "Fifth Amendment claim [may] be raised in response to specific questions."  *Moore*, 682 F.2d at 852.  The Court will then rule on whether it is "evident from the implications of the question, in the

---

[1] On October 24, 2016, at 9:00 a.m., the Court will conduct jury selection, read the preliminary jury instructions, then excuse the jury until October 25, 2016, at 9:00 a.m.

6

Case No. 15-CR-00264-LHK
ORDER CONCERNING WITNESS UNAVAILABILITY

1   setting in which it is asked, that a responsive answer to the question or an explanation of why it

2   cannot be answered might be dangerous because injurious disclosure could result." *Id.* (quoting

3   *Hoffman v. United States*, 341 U.S. 479, 486–87 (1951)).  If it is, and thus the declarant's Fifth

4   Amendment invocation is valid, the Court will find that the declarant is unavailable.  If the Court

5   finds that the declarant's invocation is not valid, the witness will be deemed available.  *See*

6   *Gomez*, 2015 WL 1646409, at *12–13.

### B.   The Defendants' Objection to Finding the Declarants Unavailable

8       On October 18, 2016, the Ramirez defendants objected to the Court finding *any* of the

9   declarants unavailable.  ECF No. 319.  Specifically, the Ramirez defendants state that the

10  government cannot claim unavailability for defendants they have indicted because "the

11  government is always free to immunize any witness that they wish to call as a witness." *Id.* at 2.

12  That same day, the Shayota defendants filed a motion to join the objection.  ECF No. 323.  The

13  Court GRANTS the Shayota defendants' motion to join.

14      Under Federal Rule of Evidence 804(a), a declarant cannot be found to be unavailable if

15  the party seeking to introduce the statements "procured or wrongfully caused the declarant's

16  unavailability as a witness in order to prevent the declarant from attending or testifying."  Fed. R.

17  Evid. 804(a).  "According to these terms, a proponent has to 'wrongfully cause[ ] the declarant's

18  unavailability' with the purpose or intention of preventing in-person testimony." *United States v.*

19  *Burden*, 2016 WL 5108010, at *9 (D.D.C. Sept. 20, 2016).  The satisfaction of the Rule 804(a)

20  unavailability requirement also satisfies the Confrontation Clause unavailability requirement.  *Cf.*

21  *United States v. Paling*, 580 F. App'x 144, 148 (3d Cir. 2014) (finding that satisfaction of Rule

22  804(b)(1) also satisfies the Confrontation Clause).

23      In the objection, the Ramirez defendants argue that the Court cannot find the declarants

24  unavailable because the unavailability has been caused by the Government's prosecution of, and

25  refusal to provide immunity to, the declarants.  ECF No. 319 at 2–3.

26      First, the Government's choice not to provide immunity does not preclude a finding that

27  the declarants are unavailable.  "Courts have generally rejected th[e] argument" that the

28

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1  government's decision not to immunize prevents a witness's unavailability.  5 Weinstein's Federal

2  Evidence § 804.03[7][a].  Courts have rejected this view because "[t]he Government has no duty

3  under the Sixth Amendment or otherwise to immunize witnesses for the benefit of the defense."

4  *United States v. Georgia Waste Sys., Inc.*, 731 F.2d 1580, 1582 (11th Cir. 1984) ("The

5  Government's power to grant immunity is discretionary and the defendants have no right to

6  subject its decision to judicial review.").

7          Moreover, Federal Rule of Civil Procedure 804(a) requires the party to have "procured or

8  wrongfully caused" the unavailability of the witness.  The Second Circuit has held that this

9  language "applies to circumstances where the Government takes positive action to preclude the

10  witness from testifying" and not to circumstances where the Government merely declines to act.

11  *United States v. Dolah*, 245 F.3d 98, 103–04 (2d Cir. 2001), *abrogated on other grounds by*

12  *Crawford*, 541 U.S. at 64.  Indeed, if the refusal to provide immunity were to preclude a finding of

13  unavailability, "the government would be unable to invoke any of the rule 804[] hearsay

14  exceptions in criminal cases, since the government always has the ability to immunize a witness

15  who claims the [F]ifth [A]mendment privilege."  *United States v. Bahadar*, 954 F.2d 821, 827 (2d

16  Cir. 1992).  In *Bahadar*, the Second Circuit held that such a result is an "unrealistic reading of the

17  rules of evidence."  *Id.*  Therefore, the Government's decision not to provide immunity to the

18  declarants does not preclude a finding of unavailability.

19          This analysis might change, for example, if the Government had engaged in misconduct,

20  such as by making improper threats that prosecution against declarants would occur should the

21  declarants testify.  *See United States v. Morrison*, 535 F.2d 223, 229 (3d Cir. 1976) (holding that

22  witness could not be unavailable because "prosecutorial misconduct caused the defendant's

23  principal witness to withhold out of fear of self-incrimination").  However, Defendants have not

24  pointed to any Government threats or misconduct here.

25          Additionally, Defendants have provided no evidence and have not argued that the

26  Government prosecuted the declarants and decided not to provide them immunity with the purpose

27  or intention of rendering them unavailable for trial.  *See Burden*, 2016 WL 5108010, at *9–10

28

8

1   (finding unavailability partly because "no such intent [to prevent the declarant from attending or

2   testifying] is shown in this record or argued by Defendants").

3        Finally, Defendants cite no authority in support of their claim that the Government's

4   decision to prosecute precludes a finding of unavailability.  If that were the case, as noted above,

5   the Government could never overcome the Confrontation Clause bar for testimonial hearsay or

6   introduce evidence under Rule 804.  *See Bahadar*, 954 F.2d at 827 (finding such a result to be an

7   "unrealistic" reading of the law).  Additionally, the Government's choice to prosecute has not

8   *caused* the witnesses to be unavailable.  The declarants would be able to invoke their Fifth

9   Amendment right even if the Government chose not to prosecute.  *United States v. Antelope*, 395

10  F.3d 1128, 1134 (9th Cir. 2005) (finding that the Fifth Amendment right can be invoked whenever

11  there is a "real and appreciable danger of self-incrimination").

12       The other cases cited by Defendants are inapposite.  In *United States v. De Palma*, 476 F.

13  Supp. 775 (S.D.N.Y. 1979), a district court in the Southern District of New York held that the

14  government wrongfully withheld immunity from defense witnesses when the government had

15  granted broad immunity to prosecution witnesses.  *Id.* at 777.  Here, in contrast, the Government

16  has not used its power to grant immunity in a discriminatory fashion, but has abstained from using

17  that power.  The other case Defendants cite, *United States v. Valenzuela-Bernal*, 458 U.S. 858

18  (1982), involves the Government's deportation of witnesses that will provide exculpatory

19  evidence for the defense and does not address the question here, *id.* at 872–73, whether the

20  decision to prosecute or immunize a declarant wrongfully causes his or her unavailability.

21       Thus, the objection is OVERRULED.

22  **IT IS SO ORDERED.**

23

24  Dated: October 21, 2016

25  _____

26  LUCY H. KOH
    United States District Judge

27

28
    Case No. 15-CR-00264-LHK
    ORDER CONCERNING WITNESS UNAVAILABILITY

United States District Court
Northern District of California