UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SHAYOTA and<br>ADRIANA SHAYOTA,<br><br>Defendants. | Case No. 15-CR-00264-LHK<br><br>**ORDER OVERRULING OBJECTION TO BEING INTERROGATED BY GOVERNMENT AND DENYING MOTION TO QUASH SUBPOENA**<br><br>Re: Dkt. No. 356 |

Before the Court is Mario and Camilo Ramirez's ("Ramirez Defendants") Objection to Being Interrogated by Government and Motion to Quash Subpoena. ECF No. 356. On August 19, 2016, the Government filed a notice identifying statements that it intended to present at trial, nearly all of which came from depositions taken in the consolidated civil proceedings entitled *Innovation Ventures, LLC, et al. v. Ultimate One Distributing Corp., et al.*, E.D.N.Y. Case No. 1:12-CV-05354-KAM-ST. ECF No. 206. On September 21, 2016, the Ramirez Defendants and the Shayota Defendants moved to exclude the Government's proposed statements based on the Confrontation Clause and the rule against hearsay. ECF Nos. 269, 270. After two rounds of supplemental briefing and a hearing, the Court filed an order granting in part and denying in part

1

Defendants' motions on October 19, 2016. ECF No. 331. In the order, however, the Court specified that the proposed co-conspirator statements would be admissible under the Confrontation Clause and former testimony exception to the rule against hearsay only if the Government made a sufficient showing that the declarants are unavailable at trial. *Id.* at 11, 25.

After further briefing from the parties, on October 21, 2016, the Court issued an order establishing a procedure by which the Government could demonstrate witnesses' unavailability at trial. ECF No. 351. Specifically, at a hearing on October 24, 2016, at 1:00 p.m., outside the presence of the jury, the Government will ask "specific questions" and the witnesses will have an opportunity to invoke their Fifth Amendment privilege in response to these specific questions. *Id.* at 6. If the Court finds that a declarant's Fifth Amendment invocation is valid, the Court will find that the declarant is unavailable. *Id.* at 7.

The Ramirez Defendants object to this procedure on the grounds that the declarants who will be questioned at the October 24, 2016, hearing are also defendants "in this criminal prosecution." Mot. at 2. According to the Ramirez Defendants, this procedure violates each Defendant's "Fifth Amendment right to remain silent in his own case." *Id.* at 3. The Ramirez Defendants also claim that this procedure violates their "Sixth Amendment right to counsel and to present a defense," but the Ramirez Defendants do not elaborate on this claim. *Id.*

A co-defendant in a joint trial has the right not to be called to testify against his or her co-defendant in that proceeding. *See United States v. Goland*, 897 F.2d 405, 411 n.14 (9th Cir. 1990) (noting that bifurcation of trials is sometimes used to introduce all of the evidence and not abridge the right not to testify). However, where the criminal trial of co-defendants has been severed into more than one proceeding, the co-defendant not being tried "retain[s] the privilege against self-incrimination, as a witness," but "no longer ha[s] the right not to be *called* to the stand." *United States v. Shuford*, 454 F.2d 772, 777 (4th Cir. 1971) (citation omitted). In fact, courts often grant severances in order to facilitate the parties to call co-defendants as witnesses. *See, e.g.*, *United States v. Kaplan*, 554 F.2d 958, 966 (9th Cir. 1977) (indicating that a reason to sever a trial

2

Case No. 15-CR-00264-LHK
ORDER OVERRULING OBJECTION TO BEING INTERROGATED BY GOVERNMENT AND DENYING MOTION TO QUASH SUBPOENA

includes situations where "a codefendant will provide exculpatory testimony after severance"); *Byrd v. Wainwright*, 428 F.2d 1017, 1019 (5th Cir. 1970) (considering a "motion to sever based on the desire to offer exculpatory testimony of a codefendant"). The Court has discretion to hold a hearing outside the presence of the jury to determine whether the co-defendant will assert his or her Fifth Amendment rights. *United States v. Beye*, 445 F.2d 1037, 1038 (9th Cir. 1971) (finding no constitutional right to calling a co-defendant to the stand before the jury where "[a] hearing out of the presence of the jury served to satisfy the court that [invocation of the witness's Fifth Amendment right would] result were the witness called to the stand.").

The Ramirez Defendants have been subpoenaed to appear at the trial of Joseph and Adriana Shayota, which has been severed from the Ramirez Defendants' trial. Therefore, the Ramirez Defendants, while retaining the right against self-incrimination, do not retain the right "not to be called to the stand." *Shuford*, 454 F.2d at 777. In addition, the Court has determined that unavailability will be determined outside the presence of the jury in the trial of Joseph and Adriana Shayota. Moreover, the Ramirez Defendants will have a different jury than the Shayota Defendants. Thus, the Ramirez Defendants have not and cannot show that they will be prejudiced if they assert their Fifth Amendment right or decide to waive that right outside the presence of either the Shayota Defendants' jury or the Ramirez Defendants' jury.

By October 24, 2016, at 9:00 a.m., the Government shall provide a list of topics it will address with respect to each defendant.

**IT IS SO ORDERED.**

Dated: October 23, 2016

                          *Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No. 15-CR-00264-LHK
ORDER OVERRULING OBJECTION TO BEING INTERROGATED BY GOVERNMENT AND DENYING MOTION TO QUASH SUBPOENA