UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SHAYOTA, et al.,<br><br>Defendants. | Case No. 15-CR-00264-LHK<br><br>**ORDER OVERRULING MARIO AND CAMILO RAMIREZ'S OBJECTION TO WALID JAMIL'S INVOCATION OF HIS FIFTH AMENDMENT RIGHT** |

At the trials in this criminal case, the Government seeks to introduce deposition statements from prior civil proceedings. On October 19, 2016, the Court held that the statements would not be barred under the Confrontation Clause and would be admissible under Federal Rule of Evidence 804(b)(1) if the Government could demonstrate that the deponents are unavailable. ECF No. 331.

Earlier, on October 13, 2016, the Government had proposed that, in order to establish unavailability, the Court should order the deponents to file a declaration stating that the deponents are unavailable. ECF No. 303. On October 18, 2016, Mario and Camilo Ramirez (the "Ramirez Defendants") filed an objection to the Government's proposed procedure for establishing that the

1
Case No. 15-CR-00264-LHK
ORDER OVERRULING MARIO AND CAMILO RAMIREZ'S OBJECTION TO WALID JAMIL'S INVOCATION OF HIS FIFTH AMENDMENT RIGHT

Ramirez Defendants are unavailable. ECF No. 321. On October 19, 2016, the Court ordered the parties to subpoena the deponents. ECF No. 331. On October 21, 2016, after ordering additional briefing on the issue of unavailability, the Court issued an order requiring the deponents to invoke their privilege against self-incrimination on question-by-question basis. ECF No. 351.

On October 22, 2016, the Ramirez Defendants moved to quash the subpoenas. ECF No. 356. The Ramirez Defendants' claimed that Walid Jamil cannot be found unavailable because he previously stated in a declaration in support of the Ramirez Defendants' motion to sever that he would testify on behalf of the Ramirez Defendants. ECF No. 212-2. Although Walid Jamil did previously submit a declaration in support of the Ramirez Defendants' motion to sever stating that he would testify that Camilo and Mario Ramirez had no knowledge of the relabeling and counterfeiting of 5-Hour ENERGY, ECF No. 212-2, the Ramirez Defendants' contention that the declaration renders Walid Jamil available to testify on all topics is incorrect.

The Fifth Amendment can be invoked question by question, and therefore can be asserted on questions about topics other than the Ramirez Defendants' knowledge. *See* Fed. R. Evid. 804 ("A declarant is considered to be unavailable as a witness if the declarant . . . is exempted from testifying *about the subject matter of the declarant's statement* because the court rules that a privilege applies."). Thus, even if Walid Jamil does not invoke his Fifth Amendment right with respect to the Ramirez Defendants' knowledge, Walid Jamil can invoke his Fifth Amendment right in response to questions about other topics.

Moreover, "[a] waiver of the Fifth Amendment privilege at one stage of a proceeding is not a waiver of that right for other stages." *United States v. Trejo-Zambrano*, 582 F.2d 460, 464 (9th Cir. 1978). In *Trejo-Zambrano*, three co-defendants, Jesus Fierro-Soza, Frank Fierro-Soza, and Trejo-Zambrano, were jointly indicted. *Id.* at 463. Jesus Fierro-Soza filed an affidavit in support

2

Case No. 15-CR-00264-LHK
ORDER OVERRULING MARIO AND CAMILO RAMIREZ'S OBJECTION TO WALID JAMIL'S INVOCATION OF HIS FIFTH AMENDMENT RIGHT

of Frank Fierro-Soza's motion for severance in which Jesus Fierro-Soza stated that he would testify on behalf of Frank Fierro-Soza if the trials were severed. *Id.* at 463. The severance motion was denied, but Jesus Fierro-Soza and Trejo-Zambrano were tried separately. *Id.* at 464. The trial court refused to compel Jesus Fierro-Soza's testimony in Trejo-Zambrano's separate trial. *Id.* The Ninth Circuit held that Jesus Fierro-Soza had not waived his Fifth Amendment right by submitting the affidavit in support of the motion for severance because the affidavit occurred at a different stage of the proceedings. *Id.*

The circumstances are similar here where Walid Jamil submitted a declaration in support of the Ramirez Defendants' motion for severance stating he would testify on behalf of the Ramirez Defendants. Therefore, under Ninth Circuit precedent, Walid Jamil has not waived his Fifth Amendment right at trial by submitting a declaration in support of the Ramirez Defendants' motion for severance because the declaration was filed at a different stage of the proceedings. *See also Square 1 Bank v. Lo*, 2014 WL 7206874, at *3 (N.D. Cal. 2014) (finding Fifth Amendment right not waived during the discovery phase of civil proceeding where the defendant submitted a sworn declaration to the court in support of an earlier motion).

**IT IS SO ORDERED.**

Dated: October 24, 2016

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No. 15-CR-00264-LHK
ORDER OVERRULING MARIO AND CAMILO RAMIREZ'S OBJECTION TO WALID JAMIL'S INVOCATION OF HIS FIFTH AMENDMENT RIGHT