UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 15-CR-00264-LHK |
|---|---|
| Plaintiff, | **ORDER REGARDING RAMIREZ DEFENDANTS' CASE CITATIONS AT OCTOBER 24, 2016 HEARING** |
| v. | |
| JOSEPH SHAYOTA and ADRIANA SHAYOTA, | |
| Defendants. | |

On August 19, 2016, the Government filed a notice identifying statements that it intended to present at trial, nearly all of which came from depositions taken in the consolidated civil proceedings entitled *Innovation Ventures, LLC, et al. v. Ultimate One Distributing Corp., et al.*, E.D.N.Y. Case No. 1:12-CV-05354-KAM-ST. ECF No. 206. On September 21, 2016, the Ramirez Defendants and the Shayota Defendants moved to exclude the Government's proposed statements based on the Confrontation Clause and the rule against hearsay. ECF Nos. 269, 270. After two rounds of supplemental briefing and a hearing, the Court filed an order granting in part and denying in part Defendants' motions on October 19, 2016. ECF No. 331. In the order, the Court specified that the proposed co-conspirator statements would be admissible under the

1

Confrontation Clause and former testimony exception to the rule against hearsay only if the Government made a sufficient showing that the deponents are unavailable at trial. *Id.* at 11, 25. The Court also rejected the Government's proposed method of proving unavailability, i.e. asking the Court to compel deponents to file declarations with blanket invocations of the Fifth Amendment. *Id.* at 11–12. The Court thus ordered the Government to subpoena the deponents. *Id.* at 11.

After further briefing from the parties regarding the propriety of blanket invocations of the Fifth Amendment, the Court's October 21, 2016 Order established the following method of proving unavailability: at a hearing on October 24, 2016, outside the presence of the jury selected in the trial of Joseph and Adriana Shayota, the Government could ask "specific questions" to which the deponents could invoke their Fifth Amendment right. ECF No 351 at 3–7. If the Court found that a declarant's Fifth Amendment invocation was valid, the Court would find that the declarant was unavailable. *Id.* at 6–7.

On October 22, 2016, Mario and Camilo Ramirez's ("Ramirez Defendants") filed an Objection to Being Interrogated by Government and Motion to Quash Subpoena (hereafter "Motion to Quash Subpoena"). ECF No. 356. On October 23, 2016, the Court issued an Order Overruling the Ramirez Defendants' Objection to Being Interrogated By Government and Denying Motion to Quash Subpoena. ECF No. 366.

Although the Ramirez Defendants' Motion to Quash Subpoena did not cite any supporting authority, the Ramirez Defendants raised for the first time at the October 24, 2016 hearing the following two cases: *United States v. Lieberman*, 637 F.2d 95 (2d Cir. 1980), and *United States v. Church*, 2003 WL 21360274 (W.D. Va. June 11, 2003). The Court took a recess during the hearing to consider these cases.

Both cases are inapposite. *Lieberman* holds that the government cannot call a defendant as

2

Case No. 15-CR-00264-LHK
ORDER REGARDING RAMIREZ DEFENDANTS' CASE CITATIONS AT OCTOBER 24, 2016 HEARING

a witness in the defendant's own criminal trial before the jury that will render the verdict. *Lieberman*, 637 F.2d at 103 ("There is no question that Gaines was unavailable to testify. He was a defendant, and the government could not call him as a witness."). Footnote 1 of *Lieberman* indicates that Gaines and Lieberman were tried jointly. *See id.* at 97 n.1 ("After their arrest, Briggs and Mapp were released and were never indicted. The original indictment (79 Cr. 2) was returned against only D'Ambra and Caparella and charged them with conspiracy and possession. They moved to suppress the evidence seized by the agents when the truck was being unloaded. Subsequently a superseding indictment was returned, (79 Cr. 2(S)) adding Gaines and Lieberman, who then joined in the previously filed motion to suppress. That motion was granted as to D'Ambra and Caparella in its entirety, and as to Gaines and Lieberman with respect to the possession count. The case against D'Ambra and Caparella was severed and was eventually dismissed, as was the possession count against Gaines and Lieberman. None of these pretrial rulings is at issue on this appeal.").

Moreover, the text of *Lieberman* explicitly states that Gaines and Lieberman were tried by the same jury. *Id.* at 99 ("*The* jury found Lieberman guilty of the conspiracy charged; *it* found Gaines not guilty." (emphases added)). The holding in *Lieberman* affirmed the district court's admission of the statements in dispute because even if the statements did not constitute co-conspirator statements, Gaines was unavailable to testify in his joint trial with Lieberman, which allowed the admission of Gaines's statements' as declarations against penal interest. *Id.* at 104 ("We conclude, however, that the statements were admissible against Lieberman under an exception to the hearsay rule, as statements against Gaines's penal interest."); *see also* Fed. R. Evid. 804(b)(3) (requiring unavailability for a statement to be admissible as a declaration against penal interest).

Lieberman is distinguishable because the Ramirez Defendants' trial has been severed. The

3

Case No. 15-CR-00264-LHK
ORDER REGARDING RAMIREZ DEFENDANTS' CASE CITATIONS AT OCTOBER 24, 2016 HEARING

current trial involves only defendants Joseph and Adriana Shayota. Moreover, the October 24, 2016 hearing on the Ramirez Defendants' unavailability was conducted outside the presence of the jury in the Joseph and Adriana Shayota trial, and the jury in the Ramirez Defendants' trial will not be selected until after the Joseph and Adriana Shayota trial and after the Kevin and Fadi Attiq trial.

Similarly, *Church* also involved a joint trial in which a defendant was not required to invoke his Fifth Amendment right in his own criminal trial before the jury that will render the verdict. *Church*, 2003 WL 21360274 at *4. In fact, the order cited by the Ramirez Defendants denied the motion for severance. *Id.* at *5.

Neither *Lieberman* nor *Church* held that requiring an evidentiary hearing during which a severed co-defendant invokes his Fifth Amendment right violates the Fifth or Sixth Amendments.

**IT IS SO ORDERED.**

Dated: October 24, 2016

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

4
Case No. 15-CR-00264-LHK
ORDER REGARDING RAMIREZ DEFENDANTS' CASE CITATIONS AT OCTOBER 24, 2016 HEARING