UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSEPH SHAYOTA, et al.,<br><br>   Defendants. | Case No. 15-CR-00264-LHK<br><br>**JURY INSTRUCTIONS FOR COUNT ONE AND LIMITING INSTRUCTIONS (ANNOTATED)** |

**IT IS SO ORDERED.**

Dated: November 4, 2016

_____
LUCY H. KOH
United States District Judge

**STIPULATED JURY INSTRUCTION**
**RE: ELEMENTS OF CONSPIRACY**

Each Defendant is charged in Count One of the Information with Conspiring to Traffic in Counterfeit Goods, in violation of Title 18, United States Code, Section 2320(a). In order for the Defendant to be found guilty of Count One, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about May 2011, and continuing to approximately November 2012, there was an agreement between two or more persons to commit a crime. I will instruct you regarding the elements of that crime in a subsequent instruction.

Second, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Information as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not

become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the Defendant personally did one of the overt acts.

Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 8.20 (2010 ed.) (as modified)

# JURY INSTRUCTION
## RE: ELEMENTS OF TRAFFICKING IN COUNTERFEIT GOODS

I will now instruct you on the elements of Trafficking in Counterfeit Goods, in violation of Title 18, United States Code, Section 2320(a), which is the object of the conspiracy alleged in Count One.

In order for the Defendant to be found guilty of Count One, the government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant conspired to traffic in goods or services or labels, documentation or packaging for goods or services;

Second, that such trafficking, was intentional, meaning it was done deliberately or on purpose;

Third, the Defendant used a "counterfeit mark" on or in connection with those goods or services, or a counterfeit mark was applied to labels, documentation, or packaging for those goods or services; and

Fourth, the Defendant knowingly used the mark and knew that the mark was counterfeit.

Nothing in 18 U.S.C. § 2320 entitles the United States to bring a criminal cause of action for the repackaging of genuine goods or services not intended to deceive or confuse.

Authority: 18 U.S.C. § 2320(a) & (g)

**STIPULATED JURY INSTRUCTION**
**RE: EVIDENCE FOR A LIMITED PURPOSE**

You are about to hear deposition testimony given by Walid Jamil on November 27, 2012. I instruct you that this evidence is admitted for the limited purpose of reaching a verdict as to Joseph Shayota, and therefore, you must consider it only for that limited purpose and not for any other purpose.

Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 2.11 (2010 ed.) (as modified)

**STIPULATED JURY INSTRUCTION**
**RE: EVIDENCE FOR A LIMITED PURPOSE**

You are about to hear deposition testimony given by Joseph Shayota on December 5, 2012. I instruct you that this evidence is admitted for the limited purpose of reaching a verdict as to Joseph Shayota, and therefore, you must consider it only for that limited purpose and not for any other purpose.

Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 2.11 (2010 ed.) (as modified)

**STIPULATED JURY INSTRUCTION**
**RE: EVIDENCE FOR A LIMITED PURPOSE**

You are about to hear deposition testimony given by Adriana Shayota on December 6, 2012. I instruct you that this evidence is admitted for the limited purpose of reaching a verdict as to Adriana Shayota, and therefore, you must consider it only for that limited purpose and not for any other purpose.

Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 2.11 (2010 ed.) (as modified)