United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SHAYOTA and ADRIANA SHAYOTA,<br><br>Defendants. | Case No. 15-CR-00264-LHK<br><br>**FINAL JURY INSTRUCTIONS (ANNOTATED)** |

**IT IS SO ORDERED.**

Dated: November 18, 2016

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

**JURY INSTRUCTION NO. 1**
**RE: DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

*Authority:*  *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 3.1 (2010 ed.).

1

**JURY INSTRUCTION NO. 2**
**RE: CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF**
**INNOCENCE—BURDEN OF PROOF**

2

3

4

The defendant is charged by way of a document called an Information. The Information is not

5

evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent

6

unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the

7

defendant does not have to testify or present any evidence to prove innocence. The government has the

8

burden of proving every element of the charges beyond a reasonable doubt.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
§ 3.2 (2010 ed.).

**JURY INSTRUCTION NO. 3**
**RE: DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 3.3 (2010 ed.).

**JURY INSTRUCTION NO. 4**
**RE: REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

_Authority:_  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 3.5 (2010 ed.) (comment only revised October 2013).

**JURY INSTRUCTION NO. 5**
**RE: WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness; and

(2)     the exhibits received in evidence; and

(3)     any facts to which the parties have agreed.

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
§ 3.6 (2010 ed.).

1
2

**JURY INSTRUCTION NO. 6**
**RE: WHAT IS NOT EVIDENCE**

3      In reaching your verdict you may consider only the testimony and exhibits received in evidence.

4  The following things are not evidence and you may not consider them in deciding what the facts are:

5

6      1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers

7  are not witnesses. Although you must consider a lawyer's questions to understand the answers of

8  a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their

9  opening statements, will say in their closing arguments, and at other times is intended to help you

10  interpret the evidence, but it is not evidence. If the facts as you remember them differ from the

11  way the lawyers state them, your memory of them controls.

12

13      2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In

14  addition, some evidence was received only for a limited purpose; when I have instructed you to

15  consider certain evidence in a limited way, you must do so.

16

17      3. Anything you may have seen or heard when the court was not in session is not evidence. You

18  are to decide the case solely on the evidence received at the trial.

19
20
21
22
23
24
25
26
27

28

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
§ 3.7 (2010 ed.).

**JURY INSTRUCTION NO. 7**
**RE: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
§ 3.8 (2010 ed.).

1
2

**JURY INSTRUCTION NO. 8
RE: CREDIBILITY OF WITNESSES**

3    In deciding the facts in this case, you may have to decide which testimony to believe and which

4    testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

5    In considering the testimony of any witness, you may take into account:

6    (1)     the witness's opportunity and ability to see or hear or know the things testified to;

7    (2)     the witness's memory;

8    (3)     the witness's manner while testifying;

9    (4)     the witness's interest in the outcome of the case, if any;

10   (5)     the witness's bias or prejudice, if any;

11   (6)     whether other evidence contradicted the witness's testimony;

12   (7)     the reasonableness of the witness's testimony in light of all the evidence; and

13   (8)     any other factors that bear on believability.

14   The weight of the evidence as to a fact does not necessarily depend on the number of witnesses

15   who testify.  What is important is how believable the witnesses were, and how much weight you think

16   their testimony deserves.

17
18
19
20
21
22
23
24
25
26
27
28

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
§ 3.9 (2010 ed.).

1

2

**JURY INSTRUCTION NO. 9**
**RE: ACTIVITIES NOT CHARGED**

3

4

     You are here only to determine whether the defendant is guilty or not guilty of the charges in the Information.  The defendant is not on trial for any conduct or offense not charged in the Information.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 3.1 (2010 ed.) (Comment only revised June 2014).*

**JURY INSTRUCTION NO. 10**
**RE: SEPARATE CONSIDERATION OF MULTIPLE COUNTS-MULTIPLE DEFENDANTS**

A separate crime is charged against each defendant. The charges have been joined for trial. You must decide the case of each defendant separately. Your verdict on any count as to one defendant should not control your verdict as to any other defendant.

All the instructions apply to each defendant unless a specific instruction states that it applies to only a specific defendant.

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 3.13 (2010 ed.).

1
2

**JURY INSTRUCTION NO. 11**
**RE: STIPULATIONS OF FACT**

3

    The parties have agreed to certain facts that have been stated to you which are that the deposition

4

testimonies admitted during trial were given under oath.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_Authority:_  _Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,_
§ 2.4 (2010 ed.). (modified).

1
2

**JURY INSTRUCTION NO. 12**
**RE: DEPOSITION AS SUBSTANTIVE EVIDENCE**

3

A deposition is the sworn testimony of a witness taken before trial. The witness is

4

placed under oath to tell the truth and lawyers for each party may ask questions. The questions

5

and answers are recorded.

6

You should consider deposition testimony in the same way that you consider the

7

testimony of the witnesses who have appeared before you. Do not place any significance on the

8

behavior or tone of voice of any person reading the questions or answers.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
§ 2.6 (2010 ed.) (modified).

CASE NO. 15-CR-00264-LHK          13
FINAL JURY INSTRUCTIONS (ANNOTATED)

1

2

**JURY INSTRUCTION NO. 13**
**RE:  OTHER ACTS**

3

4

5

6

      You heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's knowledge, intent, preparation, plan, and absence of mistake or accident and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 2.10 (2010 ed.) (modified).

CASE NO. 15-CR-00264-LHK                    14
FINAL JURY INSTRUCTIONS (ANNOTATED)

1
2

**JURY INSTRUCTION NO. 14**
**RE: EVIDENCE FOR A LIMITED PURPOSE**

3

You heard deposition testimony given by Walid Jamil on November 27, 2012.  I instruct you that

4

this evidence is admitted for the limited purpose of reaching a verdict as to Joseph Shayota, and

5

therefore, you must consider it only for that limited purpose and not for any other purpose.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Authority*:  *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 2.11 (2010 ed.) (as modified). (Dkt. 395 at 5)

1

2

**JURY INSTRUCTION NO. 15**
**RE: EVIDENCE FOR A LIMITED PURPOSE**

3

You heard deposition testimony given by Joseph Shayota on December 5, 2012. I instruct you

4

that this evidence is admitted for the limited purpose of reaching a verdict as to Joseph Shayota, and

5

therefore, you must consider it only for that limited purpose and not for any other purpose.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority*:  *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, §
2.11 (2010 ed.) (as modified). (Dkt. No. 395 at 6)

1
2

**JURY INSTRUCTION NO. 16**
**RE: EVIDENCE FOR A LIMITED PURPOSE**

3

You heard deposition testimony given by Adriana Shayota on December 6, 2012.  I instruct you

4

that this evidence is admitted for the limited purpose of reaching a verdict as to Adriana Shayota, and

5

therefore, you must consider it only for that limited purpose and not for any other purpose.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Authority*:  *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, §
2.11 (2010 ed.) (as modified). (Dkt. No. 395 at 7)

**JURY INSTRUCTION NO.  17**
**RE: STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 4.1 (2010 ed.)

CASE NO. 15-CR-00264-LHK                        18
FINAL JURY INSTRUCTIONS (ANNOTATED)

**JURY INSTRUCTION NO. 18**
**TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES**

You have heard testimony from Justin Shayota and Kevin Attiq, government witnesses who pleaded guilty to crimes arising out of the same events for which the defendant is on trial.  These guilty pleas are not evidence against the defendant, and you may consider them only in determining these witnesses' believability.

For this reason, in evaluating the testimony of Justin Shayota and Kevin Attiq, you should consider the extent to which or whether their testimony may have been influenced by any factors.  In addition, you should examine the testimony of Justin Shayota and Kevin Attiq with greater caution than that of other witnesses.

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 4.9 (2010 ed.) (modified).

1

2

## JURY INSTRUCTION NO. 19
## RE: CHARTS AND SUMMARIES IN EVIDENCE

3

4

5

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 4.16 (2010 ed.).

1
2

**JURY INSTRUCTION NO.  20**
**RE: DEFINITION – KNOWINGLY**

3
4
5
6
7

     An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 5.6 (2010 ed.).*

**JURY INSTRUCTION NO. 21**
**RE: DEFINITION – DELIBERATE IGNORANCE**

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that he or she was not authorized to reproduce 5-Hour ENERGY trademarks or copyright owned by Living Essentials and reproduced 5-Hour ENERGY trademarks or copyright owned by Living Essentials; and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that he or she was authorized to use Living Essentials' 5-Hour ENERGY trademarks or copyright, or if you find the defendant was simply careless.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 5.7 (2010 ed.) (as modified); *United States v. Anderson*, 741 F.3d 938, 948 (9th Cir. 2013) (finding that recklessness or willful blindness theories are valid for establishing the willfulness element in a criminal copyright case).

1
2

**JURY INSTRUCTION NO. 22**
**RE: MULTIPLE CONSPIRACIES**

3
4
5
6
7
8

The defendant is charged with participation in two conspiracies. You must decide whether the conspiracies charged existed, and if they did, who at least some of its members were. If you find that the conspiracies charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.  Similarly, if you find any defendant was not a member of the charged conspiracies, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, §*
8.22 (2010 ed.) (as modified).

1

2

**JURY INSTRUCTION NO. 23**
**RE: ELEMENTS OF CONSPIRACY**

3

4

Each defendant is charged in Count One of the Information with Conspiring to Traffic in

5

Counterfeit Goods, in violation of Title 18, United States Code, Section 2320(a).  In order for the

6

defendant to be found guilty of Count One, the government must prove each of the following elements

beyond a reasonable doubt:

7

First, beginning on or about May 2011, and continuing to approximately November 2012, there

8

was an agreement between two or more persons to commit a crime. I will instruct you regarding the

9

elements of that crime in a subsequent instruction.

10

Second, the defendant became a member of the conspiracy knowing of at least one of its objects

11

and intending to help accomplish it; and

12

Third, one of the members of the conspiracy performed at least one overt act for the purpose of

13

carrying out the conspiracy.

14

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit

15

one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not

16

matter whether the crime agreed upon was committed.

17

For a conspiracy to have existed, it is not necessary that the conspirators made a formal

18

agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they

19

simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.

20

You must find that there was a plan to commit at least one of the crimes alleged in the Information as an

21

object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed

22

to commit.

23

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the

24

intent to advance or further some object or purpose of the conspiracy, even though the person does not

25

have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an

26

existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no

27

knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the

28

conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

*Authority*:  *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 8.20 (2010 ed.) (as modified). (Dkt. 395 at 2-3)

1

**JURY INSTRUCTION NO. 24**
**RE: ELEMENTS OF TRAFFICKING IN COUNTERFEIT GOODS**

2

3

I will now instruct you on the elements of Trafficking in Counterfeit Goods, in violation of Title

4

18, United States Code, Section 2320(a), which is the object of the conspiracy alleged in Count One.

5

In order for the defendant to be found guilty of Count One, the government must prove each of

6

the following elements beyond a reasonable doubt:

7

First, the defendant conspired to traffic in goods or services or labels, documentation or

8

packaging for goods or services;

9

Second, that such trafficking, was intentional, meaning it was done deliberately or on purpose;

10

Third, the defendant used a "counterfeit mark" on or in connection with those goods or services,

11

or a counterfeit mark was applied to labels, documentation, or packaging for those goods or services;

12

and

13

Fourth, the defendant knowingly used the mark and knew that the mark was counterfeit.

14

Nothing in 18 U.S.C. § 2320 entitles the United States to bring a criminal cause of action for the

15

repackaging of genuine goods or services not intended to deceive or confuse.

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority*: 18 U.S.C. §§ 2320(a) and (g); Dkt. No. 395 at 4.

**JURY INSTRUCTION NO. 25
RE: DEFINITION—TRADEMARK**

Title 18, United States Code, Section 2320(f)(1) defines a "counterfeit mark" as a "spurious mark"

(i)     that used in connection with trafficking in any goods, services, labels, patches, stickers, wrappers, badges, emblems, medallions, charms, boxes, containers, cans, cases, hangtags, documentation, or packaging of any type or nature;

(ii)    that is identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark Office and in use, whether or not the defendant knew such mark was so registered;

(iii)   that is applied to or used in connection with the goods or services for which the mark is registered with the United States Patent and Trademark Office, or is applied to or consists of a label, patch, sticker, wrapper, badge, emblem, medallion, charm, box, container, can, case, hangtag, documentation, or packaging of any type or nature that is designed, marketed, or otherwise intended to be used on or in connection with the goods or services for which the mark is registered in the United States Patent and Trademark Office; and

(iv)    the use of which is likely to cause confusion, to cause mistake, or to deceive.

But a "counterfeit mark" does not include any mark or designation used in connection with goods or services, or a mark or designation applied to labels, patches, stickers, wrappers, badges, emblems, medallions, charms, boxes, containers, cans, cases, hangtags, documentation, or packaging of any type or nature used in connection with such goods or services, of which the manufacturer or producer was, at the time of the manufacture or production in question, authorized to use the mark or designation for the type of goods or services so manufactured or produced, by the holder of the right to use such mark or designation.

*Authority:*  18 U.S.C. § 2320(f)(1)

1

2

**JURY INSTRUCTION NO. 26**
**RE: DEFINITION—TRAFFIC**

3

4

5

The term "traffic" means to transport, transfer, or otherwise dispose of, to another, for purposes of commercial advantage or private financial gain, or to make, import, export, obtain control of, or possess, with intent to so transport, transfer, or otherwise dispose of.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority:* 18 U.S.C. § 2320(f)(5)

1

2

**JURY INSTRUCTION NO. 27**
**RE: DEFINITION – FINANCIAL GAIN**

3

4

Financial gain includes the receipt, or expected receipt, of anything of value.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority:*  18 U.S.C. § 2320(f)(2)

**JURY INSTRUCTION NO. 28**
**RE: ELEMENTS OF CONSPIRACY**

Each defendant is charged in Count Two of the Information with Conspiring to Commit Criminal Copyright Infringement, in violation of Title 17, United States Code, Section 506(a)(1)(A) and Title 18, United States Code, Section 2319(b)(1), and to Introduce Misbranded Food into Interstate Commerce, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), all in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of Count Two, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about May 2011, and continuing to approximately November 2012, there was an agreement between two or more persons to commit at least one crimes. I will instruct you regarding the elements of those crimes in subsequent instructions.

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Information as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an

1   existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no

2   knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the

3   conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator

4   merely by associating with one or more persons who are conspirators, nor merely by knowing that a

5   conspiracy exists.

6          An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy

7   if it was done for the purpose of carrying out the conspiracy. The government is not required to prove

8   that the defendant personally did one of the overt acts.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   *Authority*:  *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, §
8.20 (2010 ed.) (as modified).

**JURY INSTRUCTION NO. 29**
**RE: ELEMENTS OF CRIMINAL COPYRIGHT INFRINGEMENT**

Now, I will instruct you on one of the substantive crimes alleged as the object of the conspiracy. As I told you earlier, each defendant needs to have conspired to commit just one of these crimes in order for you to find them guilty of the conspiracy charged in Count Two.

The first object of the conspiracy alleged in Court Two is Criminal Copyright Infringement, in violation of Section 506(a)(1)(A) of Title 17 of the United States Code and Section 2319(b)(1) of Title 18 of the United States Code.

In order for the defendant to be found guilty of criminal copyright infringement, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant willfully infringed a copyrighted work;

Second, the defendant did so for purposes of commercial or private financial gain; and

Third, during a 180-day period, the defendant reproduced or distributed at least 10 copies of one or more copyrighted works, which have a total retail value of more than $2,500.

*Authority*:  17 U.S.C. § 506(a)(1)(A); 18 U.S.C. § 2319(b)(1).

1
2

**JURY INSTRUCTION NO. 30**
**RE: DEFINITION - COPYRIGHT**

3

A copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

4

1.  authorize, or make additional copies, or otherwise reproduce the copyrighted work in copies;

5

2.  recast, transform, adapt the work, that is prepare derivative works based upon the copyrighted

6

work; and

7

3.  distribute copies of the copyrighted work to the public by sale or other transfer of ownership.

8

It is the owner of the copyright who may exercise these exclusive rights to copy. The term

9

"owner" includes the author of the work, an assignee or an exclusive licensee. In general, copyright law

10

protects against the production, adaptation or distribution of substantially similar copies of the owner's

11

copyrighted work without the owner's permission. Even though one may acquire a copy of the

12

copyrighted work, the copyright owner retains rights and control of that copy, including uses that may

13

result in additional copies or alterations of the work.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Authority:  Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit,* § 17.1
(2007 ed.) (last updated 6/2016) (as modified).

1

2

**JURY INSTRUCTION NO. 31**
**RE: DEFINITION – WILLFULLY**

3

4

5

6

The government must prove that the defendant willfully infringed a copyrighted work.  To act "willfully" means to voluntarily and intentionally violate a known legal duty.  To act willfully, a person need only know that his conduct is unlawful, not that he is violating a specific statutory provision, such as the statute criminalizing copyright infringement.

7

Conduct is not "willful" if due to negligence, inadvertence, or mistake.

8

9

Evidence of the reproduction or distribution of a copyrighted work, by itself, shall not be sufficient to establish willful infringement of a copyright.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority:*  17 U.S.C. § 506(a)(2); *United States v. Anderson*, 741 F.3d 938, 946 (9th Cir. 2013).

CASE NO. 15-CR-00264-LHK                    34
FINAL JURY INSTRUCTIONS (ANNOTATED)

**JURY INSTRUCTION NO. 32**
**RE: ELEMENTS OF THE INTRODUCTION OF MISBRANDED FOOD**
**INTO INTERSTATE COMMERCE**

Now, I will instruct you on the second of the two substantive crimes alleged as the object of the conspiracy.  As I told you earlier, the defendant needs to have conspired to commit just one of these crimes in order for you to find the defendant guilty. One of the objects of the conspiracy was the Introduction of Misbranded Food into Interstate Commerce, in violation of Sections 331(a) and 333(a)(2) of Title 21 of the United States Code.

In order for the defendant to be found guilty of this object of the conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant introduced or delivered for introduction into interstate commerce any food that was adulterated or misbranded;

Second, the product was either misbranded as defined in 21 U.S.C. § 343(a) in that its labeling was false and misleading, or adulterated as defined in 21 U.S.C. § 342(a)(4); and

Third, the defendant acted with the intent to defraud or mislead.

*Authority:*  21 U.S.C. §§ 331(a), 333(a)(2) & 343(a)

CASE NO. 15-CR-00264-LHK            35
FINAL JURY INSTRUCTIONS (ANNOTATED)

**JURY INSTRUCTION NO. 33**
**RE: DEFINITION OF INTERSTATE COMMERCE**

The term "interstate commerce" means commerce, trade, or travel between one State, Territory, Possession, or the District of Columbia and any other place outside thereof.

*Authority*: 18 U.S.C. § 10 [as modified]

**JURY INSTRUCTION NO. 34**
**RE: DEFINITION - ADULTERATED**

A food is "adulterated" if it bears or contains harmful substance which may render it injurious to health or if it has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth, or whereby it may have been rendered injurious to health.  The phrases "may render it injurious to health" or "may have been rendered injurious to health" means that there is a reasonable possibility of injury to the consumer.

The terms "insanitary conditions" and "filth" as used in these instructions should be given their usual and ordinary meaning.  The meanings of these terms are not confined to any scientific or medical definition.

*Authority*: 21 U.S.C. § 342(a).

**JURY INSTRUCTION NO. 35**
**RE: DEFINITION - MISBRANDED**

A food is mislabeled if its labeling is false or misleading in a material way.

*Authority:* 21 U.S.C. § 343(a).

1

2

**JURY INSTRUCTION NO. 36**
**RE:  MATERIALITY REQUIREMENT**

3

4

5

6

        For the second element, the government must prove beyond a reasonable doubt that any

misbranding was material.  A matter is "material" if a reasonable person would attach importance to its

existence or nonexistence in determining his or her choice of action or the maker of the representation

knows or has reason to know that the recipient is likely to consider the matter as important.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority: United States v. Watkins*, 278 F.3d 961, 967-968 (9th Cir. 2002).

1

2

**JURY INSTRUCTION NO. 37**
**INTENT TO DEFRAUD – DEFINITION**

3

4

An intent to defraud is an intent to deceive or cheat the consumer or government enforcement

5

agencies.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority*: *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, §
3.16 (2010 ed.); *United States v. Cambra,* 933 F.2d 752, 755 (9th Cir. 1991).

1

2

**JURY INSTRUCTION NO. 38**
**RE: DUTY TO DELIBERATE**

3

4

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

5

6

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

7

8

9

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

10

11

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

12

13

14

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 7.1 (2010 ed.).

### JURY INSTRUCTION NO. 39
### RE: CONSIDERATION OF EVIDENCE -- CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses

1   or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching

2   on this case in the media, turn away and report it to me as soon as possible.

3        These rules protect each party's right to have this case decided only on evidence that has been

4   presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their

5   testimony is tested through the trial process. If you do any research or investigation outside the

6   courtroom, or gain any information through improper communications, then your verdict may be

7   influenced by inaccurate, incomplete or misleading information that has not been tested by the trial

8   process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based

9   on information not presented in court, you will have denied the parties a fair trial. Remember, you have

10  taken an oath to follow the rules, and it is very important that you follow these rules.

11       A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

12  mistrial could result that would require the entire trial process to start over. If any juror is exposed to any

13  outside information, please notify the court immediately.

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
§ 7.2 (2010 ed.).

1
2

**JURY INSTRUCTION NO. 40**
**RE: USE OF NOTES**

3

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on

4

your own memory of what was said. Notes are only to assist your memory. You should not be overly

5

influenced by your notes or those of your fellow jurors.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
§ 7.3 (2010 ed.).

28

1

2

**JURY INSTRUCTION NO. 41**
**RE: JURY CONSIDERATION OF PUNISHMENT**

3

4

5

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 7.4 (2010 ed.).

**JURY INSTRUCTION NO. 42**
**RE: VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

*Authority:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 7.5 (2010 ed.).

1
2

**JURY INSTRUCTION NO. 43**
**RE: COMMUNICATION WITH COURT**

3
4
5
6
7
8
9
10

     If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_Authority:_  _Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,_
§ 7.6 (2010 ed.).

CASE NO. 15-CR-00264-LHK       47
FINAL JURY INSTRUCTIONS (ANNOTATED)